## Case No. 9,951.

MURPHY v. McVICKER et al.

[4 McLean, 252.] [1]

Circuit Court, D. Michigan. June Term, 1847.

FRAUD—BILL TO RESCIND—OFFER TO RETURN—DEEDS—EXECUTED UNDER DEFECTIVE POWER.

1. A party who desires to rescind a contract on the ground of fraud, must offer to return the thing purchased, whether it be land or personal property.

[Cited in brief in Morrow v. Rees, 69 Pa. St. 372.]

2. The vendor must be placed by the vendee in the condition he was in before the purchase.

3. The deed being defective, being made under a defective power, the court will decree a conveyance, on the payment of the residue of the purchase money.

In equity.

Mr. Backus, for complainant.
Mr. Seaman, for defendant.

OPINION OF THE COURT. This bill was filed, apparently, with the view of rescinding a contract for the purchase of a tract of land in Eaton county. The consideration agreed to be paid was the sum of four hundred and eighty dollars, and the complainant represents the land is not worth half that amount. That fraudulent representations were made to him by the vendor, as to the locality of the land, and its quality, which induced the complainant to purchase it. But there is no specific prayer for a rescission of the contract, no tender of a reconveyance, and no offer to surrender the possession. It is therefore clear there can be no decree, under the bill, to rescind the contract. The chief object of the bill would seem to be to procure an effective deed for the land. It was purchased by the complainant, and a deed was executed to him under an insufficient power of attorney. The defects in the power are stated to be, that it has but one witness, and is not under seal. These defects are radical, as they did not authorize the conveyance that seems to have been executed under it. A power of attorney, to authorize the conveyance of land in fee simple, must have all the solemnities and forms required to make effective the instrument to be executed. The statute requires two witnesses; of course, the power must have two witnesses. And as a deed is inoperative, as such, without a seal, it can not be executed under an authority without seal.

The court, therefore, will decree that a good and effective deed shall be executed by the defendant, of general warranty, and held ready to be delivered on the payment of the balance of the purchase money which remains due.